IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
: CASE NO. 1:12 CV 01358
RHONDA J. TURPIN, : 1:03 CR 00478
:
Petitioner, :
:
-vs- : MEMORANDUM AND ORDER
:
:
UNITED STATES OF AMERICA, :
:
Respondent.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This matter comes before the Court on the United States of America's motion to dismiss pro se petitioner Rhonda J. Turpin's petition to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Docs. 63, 65). The government maintains that dismissal is appropriate because the statute of limitations bars the petitioner's claims. (Doc. 65). For the reasons that follow, the government's motion will be granted.

**I. Background**

On 10 December 2003, Ms. Turpin was charged with two counts of theft of government funds in violation of 18 U.S.C. § 641. (Doc. 1). She pled guilty to the charges pursuant to a plea agreement. (Docs. 18, 19). Prior to sentencing, Ms. Turpin filed a motion to withdraw her guilty plea, which the Court denied. (Docs. 29, 33). On 14 September 2004, Ms. Turpin was sentenced to 27 months in the custody of the Bureau

of Prisons. (Doc. 39). She appealed to the Sixth Circuit on a number of issues. On 5 December 2005, the Court of Appeals affirmed this Court's judgment. See United States v. Turpin, No. 04-4177 (6th Cir. 5 December 2005). By the time she had served her sentence in this case, Ms. Turpin was facing new charges in another federal criminal matter. See United States v. Turpin, Case No. 1:05cr303 (N.D. Ohio, filed 22 June 2005). Ms. Turpin has remained in federal custody continuously since late 2004.

On 30 May 2012, Ms. Turpin filed the instant petition to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Doc. 63). She maintains that she is entitled to relief because she received constitutionally ineffective assistance of counsel when her attorney allegedly misinformed her of the consequences of pleading guilty. (Doc. 63, p. 6). The government maintains that Ms. Turpin's petition should be dismissed because the limitations period has expired. (Doc. 65).

**II. Law and Argument**

A petition to vacate filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations. Section 2255(f) provides, in pertinent part, that

[t]he limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final; [or]

\* \* \*

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

\* \* \*

28 U.S.C. § 2255(f).

The government contends that the limitation period began to run on or about 5 December 2005, the date that the Sixth Circuit affirmed and made this Court's judgment final for purposes of § 2255. If this is the case, then Ms. Turpin's May 2012 filing was clearly too late. Ms. Turpin, however, maintains that the limitation period began running at a later date, in light of recent Supreme Court decisions, which, in her view, created a new rule of constitutional law retroactively applicable to her case on collateral review. She accordingly argues that, pursuant to § 2255(f)(3), the limitations period began to run from the date those opinions were issued, 21 March 2012.

The petitioner's argument is without merit, and the Court agrees with the government that the limitation period has expired in this instance. A new rule of constitutional law applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a "'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Whorton v. Bockting, 549 U.S. 406, 416 (2007).

The Supreme Court decisions that Ms. Turpin maintains are retroactively applicable in this instance are Missouri v. Frye, 132 S.Ct. 1399 (2012), which reaffirmed the principle that a defendant's Sixth Amendment right to counsel extends to the plea-bargaining process; and Lafler v. Cooper, 132 S. Ct. 1376 (2012), which addressed how Strickland 's prejudice test should be applied where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial. These cases did not announce new rules of constitutional law. See In re Perez, 682 F.3d 930, 932 (11th Cir.2012) ("Frye and Lafler did not announce new

3

rules."). While neither case "directly addressed the old rule/new rule question, [ ] the Court's language repeatedly and clearly spoke of applying an established rule to the present facts." Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012). Further, "the Court's actions show that it was applying an old rule that the state courts had misapplied." Id.; see also Perez, 682 F.3d at 932 (Frye and Laffler "are merely an application of the Sixth Amendment right to counsel, as defined in Strickland, to a specific factual context.").

Therefore, because neither case cited by the petitioner announced a new rule of constitutional law, the one-year statute of limitations began to run when this Court's judgment became final on 5 December 2005. Ms. Turpin's petition, filed in May 2012, came too late.

### III. Conclusion

For the reasons stated above, the petition is dismissed.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 25 June 2013